IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:14-CV-00717-F

| | |
|---|---|
| REGINALD HAGANS, Administrator of the Estate of Nijza Lamar Hagans, Plaintiff, v. CITY OF FAYETTEVILLE, A North Carolina municipal corporation; AARON LEE HUNT, individually and in his official capacity as a law enforcement officer with the Fayetteville (N.C.) Police Department; and DOES 1 through 25, inclusive, individually and in their official capacities, Defendants. | ORDER |

This matter is before the court on Defendants' motion [DE-55] for summary judgment, to which Plaintiff failed to respond. For the reasons stated below, the motion is ALLOWED.

## I. PROCEDURAL HISTORY

Plaintiff commenced this action in the Superior Court of Cumberland County, North Carolina, on September 29, 2014. [DE-1]. The case was removed to this district on October 28, 2014. *Id.* On July 17, 2015, the court dismissed a number of Plaintiff's claims. [DE-36]. The following claims remain: three wrongful death claims against Officer Hunt in his individual capacity (Counts I–III); a claim under 42 U.S.C. § 1983 against Officer Hunt in his individual capacity (Count VII); a § 1983 claim against Officer Hunt and DOES 1 through 25 in their individual capacities (Count VIII); and a § 1983 claim against the City of Fayetteville (Count IX). *Id.*

On February 1, 2016, Defendants moved for summary judgment and filed a Statement of Undisputed Material Facts ("SUMF") pursuant to Local Civil Rule 56.1. [DE-55, -56]. On February 24, 2016, Plaintiff moved for an extension of time to file his response to the motion for summary judgment. [DE-65]. The court allowed the extension. On March 24, 2016, Plaintiff again moved for an extension of time to respond. [DE-70]. Again, the court allowed the extension. [DE-72]. On May 2, 2016, Plaintiff's attorneys moved to withdraw from representation of Plaintiff, and requested a third extension of Plaintiff's response deadline. [DE-74, -75]. On May 5, 2016, the court allowed Plaintiff's counsel to withdraw and allowed Plaintiff an additional 45 days to respond to the motion for summary judgment. [DE-77]. The court's May 5, 2016 Order required Plaintiff's counsel to serve a copy of the order on Plaintiff and required Plaintiff to notify the court whether he intended to proceed *pro se* or to hire new counsel. *Id.* Plaintiff's counsel filed a certificate of service on May 10, 2016, showing they had complied with the court's order. [DE-79]. Plaintiff failed to respond to the court's May 5, 2016 Order, to the motion for summary judgment, or to Defendants' SUMF.

## II. LEGAL STANDARD

Summary judgment is appropriate when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. *See Anderson v. Liberty Lobby*, 477 U.S. 242, 247 (1986). The movant bears the initial burden of coming forward and demonstrating the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the non-moving party then must come forward and demonstrate that such a fact issue indeed exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Summary judgment is appropriate against a party who fails to make a showing sufficient to establish any one of the essential elements of the party's claim on which he will bear the burden of

proof at trial. *See Celotex*, 477 U.S. at 322–23. Thus, "where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party," the court may grant summary judgment. *Teamsters Joint Council No. 83 v. Centra, Inc.*, 947 F.2d 115, 119 (4th Cir. 1991). When making the summary judgment determination, the court views the facts and all reasonable inferences in the light most favorable to the non-movant. *Liberty Lobby*, 477 U.S. at 255.

### III. DISCUSSION

Under Local Civil Rule 56.1(a), a party moving for summary judgment must submit a Statement of Material Facts enumerating the issues on which the movant contends there is no genuine dispute ("SUMF"). In response, the non-movant must submit a statement responding to each of the movant's asserted undisputed facts. Local Civil Rule 56.1(a)(2). Any asserted fact within the movant's SUMF that is not specifically controverted by the non-movant is deemed admitted for purposes of summary judgment. *Id.* In light of Plaintiff's unexplained failure to respond to Defendant's SUMF, the facts stated therein are deemed undisputed. *See* Local Civil Rule 56.1(a)(2).

The court has reviewed Defendants' motion for summary judgment and the record, and has applied the summary judgment standard. Viewing the facts and reasonable inferences in the light most favorable to Plaintiff, there are no genuine issues of material fact in dispute. Accordingly, Defendants are entitled to judgment as a matter of law.

### IV. CONCLUSION

For the foregoing reasons, the motion [DE-55] for summary judgment by Defendants Aaron Lee Hunt and the City of Fayetteville is ALLOWED.

The sole remaining claim in this case is against unidentified defendants—DOES 1 through 25. Although this case was filed two years ago, the record discloses no attempt by

3

Plaintiff to identify or serve these defendants. Plaintiff is ORDERED to show cause within fourteen days of the filing date of this order why the claim against DOES 1 through 25 should not be dismissed. Plaintiff is cautioned that failure to show cause will result in dismissal of his claim against DOES 1 through 25.

SO ORDERED.

This, the 23 day of September, 2016.

_____
JAMES C. FOX
Senior United States District Judge